UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20547-CR-UNGARO/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REINALDO GUERRA,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON
RECEIVER'S MOTION TO APPROVE STIPULATION
FOR SETTLEMENT WITH MAYDA IBARRA**

This matter came before the Court on the Motion of the Receiver, Joel L. Tabas ("Receiver"), in his capacity as the court-appointed Receiver for Saturn Mortgage Fund, LLC (the "Fund") and Saturn Capital Advisors, LLC ("SCA." and together with the Fund, the "Saturn Entities"), to Approve Stipulation for Settlement with Defendant Mayda Ibarra ("M. Ibarra") ("Motion"). [D.E. 140].[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Having reviewed the Motion, which counsel for the government does not oppose and to which no response was filed, and having been advised of the terms of the Proposed Settlement and the complete execution of the Stipulation for Settlement ("Agreement"), the Court finds as follows:

---

[1] This matter was referred to the undersigned Magistrate Judge by the Honorable Ursula Ungaro. [D.E. 141].

A. The Receiver seeks entry of an order authorizing and approving the compromise and settlement (the "Settlement Order") with M. Ibarra, as described in the Motion (the "Proposed Settlement"). The Proposed Settlement is made by the Receiver pursuant to the powers conferred upon him by the Receivership Order. The Receiver and M. Ibarra shall be referred to collectively as the "Settling Parties." The terms of the Proposed Settlement are set out in the Agreement entered into by the Settling Parties on June 14, 2013, which is attached to the Motion as Exhibit "1." [D.E. 140-1].

B. The Court has considered the Agreement and determined that the Receiver provided sufficient notice to the Investors and potentially interested parties on the service list of the Motion who were afforded the right to respond under the applicable Federal Rules of Civil Procedure and the Local Rules of this Court (none of whom did).

C. The Court has jurisdiction over this matter and authority to enter an order approving the Agreement pursuant to 28 U.S.C. §§ 754 and 1331 and 21 U.S.C. § 853, and by virtue of the Receivership Order entered by this Court.

D. The form and means of the notice of the Proposed Settlement and the Motion are hereby determined to have been the best notice practicable under the circumstances and to be good and sufficient notice to all persons whose interests could be affected by the Settlement Order.

E. The Court having been apprised of the negotiations that preceded the Proposed Settlement finds that the Proposed Settlement is a result of arms-length,

good faith negotiation and bargaining among the Settling Parties, and represents a good faith compromise and resolution of the matters settled. The Proposed Settlement is not the result of collusion or other improper conduct among the Parties thereto.

F.  The legal and factual bases set forth in and supporting the Motion and on the record establish that the Proposed Settlement represents a fair, reasonable, and adequate resolution of the claims among the parties thereto, and in light of the claims asserted by the Receiver and the denial and defenses to those claims that were or would likely have been asserted by M. Ibarra and the uncertainty of collectability of any judgment obtained by the Receiver against M. Ibarra, the Court finds that the Settlement is fair and equitable, and is in the best interest of the Receivership Estate, its Investors and parties in interest.

Based on the foregoing, the Court hereby **RECOMMENDS** that the District Judge enter the following Order:

1.  The Receiver's Motion [D.E. 140] is granted in all respects and the terms of the Proposed Settlement, attached to the Motion as Exhibit "1" [D.E. 140-1], are hereby ratified and approved and incorporated into this Order.

2.  The Receiver is authorized to execute any and all documents and take any actions reasonably necessary to consummate the transactions contemplated therein.

3.  The Receiver and M. Ibarra are authorized to mutually release each other from the Claims being released pursuant to the Proposed Settlement under the terms set forth in the Agreement.

4. The Court retains jurisdiction over the Settling Parties to enforce or interpret the Agreement.

5. The Receiver shall immediately serve a copy of this Order on all interested parties.

In addition, the Court hereby **ORDERS** the Receiver to immediately serve a copy of this Report and Recommendation on all interested parties and file a Certificate of Service showing compliance with this directive.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 21st day of August, 2013.

    /s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge